UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGEL ANTHONY FERNANDEZ,

              Petitioner,

    v.

DAN WHITE,

              Respondent.

CASE NO. C18-5115 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 11), and Petitioner Angel Anthony Fernandez's ("Fernandez") objections to the R&R (Dkt. 12).

On June 13, 2018, Judge Creatura issued the R&R recommending that the Court deny Fernandez's petition as unexhausted and procedurally barred. Dkt. 11. On June 27, 2018, Fernandez filed objections arguing that his claims are exhausted. Dkt. 12.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Fernandez argues that he exhausted his two grounds for relief. First, Fernandez contends that the Washington Court of Appeals ("COA") addressed his double jeopardy claim in the "Harmless Error" section of its opinion. Dkt. 12 at 4–5. The Court disagrees with Fernandez because the COA briefly mentioned his double jeopardy claim in the context of whether the trial court's error of failing to appoint counsel was harmful. *See State v. Fernandez*, 196 Wn. App. 1013, 2016 WL 5417414, at *3 (2016), *review denied*, 187 Wn.2d 1026 (2017). A court concluding that a ruling on the merits of a claim would not have changed had counsel been appointed is not a full and fair opportunity to address the merits of the claim. *See*, *e.g.*, *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("To 'fairly present' his federal claim to the state courts, Hiivala had to alert the state courts to the fact that he was asserting a claim under the United States Constitution."). Therefore, the Court adopts the R&R's conclusion that Fernandez's double jeopardy claim is unexhausted and procedurally barred.

Second, Fernandez argues that he did present his assistance of counsel claim to the COA and the Washington Supreme Court. Dkt. 12 at 7–9. Fernandez, however, only presented the claim as an error of state law, which fails to satisfy the exhaustion requirement of presenting a federal issue. *Hiivala*, 195 F.3d at 1106. As such, Fernandez's argument fails.

Therefore, the Court having considered the R&R, Fernandez's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Fernandez's petition is **DENIED** as unexhausted and procedurally barred;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 28th day of August, 2018.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge